IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACK MARVIN ALLEN, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-05-1418-T |
| | ) |
| JUSTIN JONES, Director, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

  This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Petitioner has timely objected to the Report, which recommends denial of habeas corpus relief. The Court must make a de novo determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

  Petitioner, a state prisoner appearing *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254, based on three claims of constitutional error in his state criminal case. These claims, for which he has fully exhausted state court remedies, are that he was denied a fair trial due to (1) juror misconduct and (2) improper admission of evidence of other crimes or wrongs and that (3) his sentence is excessive. Judge Purcell in his Report gives careful consideration to each claim and finds Petitioner has failed to demonstrate that the decision of the Oklahoma Court of Criminal Appeals (OCCA) was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254)d)(1). Petitioner focuses his objection on the claim of juror misconduct but, liberally construed, also objects to Judge Purcell's analysis of the claim of improper evidence. Petitioner's objection is silent, however, concerning his claim of an excessive sentence, and thus he has waived further review of this claim. *See United States v. One*

*Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996) (discussing "firm waiver" rule); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (affirming similar Sixth Circuit rule).

Petitioner was convicted by a jury of breaking and entering (a lesser included offense to a charge of first-degree burglary) and assault and battery with a dangerous weapon after former conviction of two or more felonies. He received concurrent prison sentences of one year and forty years, respectively. Before sentencing, Petitioner through counsel moved for a new trial based on a claim of juror misconduct. Petitioner submitted an affidavit of the jury foreperson reporting conduct by another juror, whom the Court refers to as "Juror A" for ease of reference, who allegedly made improper statements during deliberations based on prior knowledge of information about Petitioner and his family. The foreperson stated her belief that Juror A's statements had wrongly influenced the jury's decision to recommend a forty-year sentence.

In response to the motion, the prosecutor submitted under seal the affidavits of two other jurors. These jurors agreed with some facts stated by the foreperson but clarified that Juror A first mentioned outside information after the jury had reached a guilty verdict on the assault and battery charge and while it was discussing the burglary charge. These jurors disagreed slightly with the foreperson concerning Juror A's statements during the sentencing phase. They testified that Juror A revealed information about Petitioner's alleged commission of another, uncharged crime after the jury had reached a sentencing verdict, but the foreperson testified that Juror A referred to the incident during deliberations and then gave a more detailed explanation after a verdict was reached.

The trial court denied the new trial motion and OCCA upheld this decision. In so doing, OCCA cited only its precedents but found that "extraneous information held by one particular juror did not influence the deliberative process, and thus that no prejudice to [Petitioner] has been shown." *Allen v. State*, Case No. F-2004-154, Summary Opinion at 2 (Okla. Crim. App. Jan. 11, 2005) (Exhibit C to Response to Petition for Writ of Habeas Corpus).

Petitioner seeks relief from juror misconduct based on Juror A's knowledge of outside information and disclosure of such information to other jurors during deliberations. The record makes clear that Juror A did, in fact, recall extraneous information during trial and reveal the information, to some extent, to other jurors. The question is whether Petitioner has shown that Juror A's prior knowledge and misconduct "'had a substantial and injurious effect or influence in determining the jury's verdict.'" *Vigil v. Zavaras*, 298 F.3d 935, 940 (10th Cir. 2002) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). OCCA implicitly answered this question in the negative. By his objection, Petitioner challenges Judge Purcell's conclusion that OCCA's decision is reasonable because Petitioner has not made the requisite showing.

The Court's inquiry is constrained by AEDPA's deferential standard of decision. *See Brown v. Payton*, 544 U.S. 133, 141 (2005) (summarizing standard); 28 U.S.C. § 2254(d)-(e). "Deference is accorded to a state court result even when the state court fails to discuss any federal law rationale for its decision or cite to any federal authority." *Webber v. Scott*, 390 F.3d 1169, 1174 (10th Cir. 2004); *see Goss v. Nelson*, 439 F.3d 621, 635-36 (10th Cir. 2006) ("In the context of applying 28 U.S.C. § 2254(d), our focus is on whether the *result* reached by the state court contravenes or unreasonably applies clearly established federal law, not on the extent of the reasoning followed by the state court in reaching its decision.") This Court is further constrained by the Federal Rules of Evidence, which do not permit the consideration of a juror's testimony concerning the effect of anything on the jury's deliberations or verdict. *See Capps v. Sullivan*, 921 F.2d 260, 262 (10th Cir. 1990); Fed. R. Evid. 606(b). Rather, as pertinent here, the Court may only consider the jurors' affidavits "on the question whether extraneous prejudicial information was improperly brought to the jury's attention." Fed. R. Evid. 606(b). Here, there is no question Juror A had and shared such information; the issue to be resolved is the likely effect of the information on the jury's verdict.

The Tenth Circuit has provided the following guidance for resolving this question in habeas cases: "In deciding whether [extraneous] information substantially influenced the jury's verdict the court may consider a number of factors, such as: (1) the degree to which the jury discussed and considered the extrinsic information; (2) the extent to which the jury had difficulty reaching a verdict prior to receiving the improper evidence; (3) the degree to which the information related to a material fact in the case; (4) when the jury received the extrinsic evidence; (5) the strength of the legitimate evidence; and (6) whether the extrinsic evidence merely duplicates evidence properly before the jury.

*Malicoat v. Mullin*, 426 F.3d 1241, 1250 (10th Cir. 2005) (citing *Vigil*, 298 F.3d at 941).

After de novo consideration of the issue and the state court record, including the sealed exhibits, the Court fully concurs in Judge Purcell's analysis and conclusion concerning the jury's exposure to extraneous information. The evidence admitted in state court shows that outside information was twice interposed during jury deliberations. In the guilt-innocence stage of Petitioner's trial, after the jury had found Petitioner guilty on the assault and battery charge but before it had reached a decision on the burglary charge, Juror A stated that jurors should consider Petitioner's family history and that Petitioner's uncle had violently killed a woman. According to the foreman, several more hours of deliberation followed this disclosure, and the jury then decided – favorably to Petitioner – that he was not guilty of first-degree burglary but only of the lesser offense of breaking and entering. All evidence in the state court record supports a finding that the verdicts as to guilt were unaffected by Juror A's first comment.

The second introduction of extraneous information came during the sentencing phase. The jury foreman testified that, while jurors were discussing the length of sentence to recommend for Petitioner, Juror A made a statement to the effect that forty years (the term of imprisonment sought by the prosecution) was not long enough for a person who had previously committed a crime but had

not been punished because the victim would not press charges. According to the foreman, Juror A later provided details of this allegedly uncharged crime after a decision was reached. The two other affiants disagreed with the foreman and testified that Juror A did not inform the jury about the other alleged crime until after they had reached a sentencing verdict. Based on this conflicting testimony, OCCA's finding that Juror A's extraneous information did not affect the deliberative process is a reasonable one. Further, the weight of evidence strongly supports a forty-year sentence, which is a middle ground between the statutory minimum and maximum sentences of twenty years and life imprisonment.

In short, the Court finds that Petitioner has failed to show that extraneous information had a substantial, injurious influence on the jury's verdict, and thus has failed to show an unreasonable determination of his claim by state courts, for reasons ably explained by Judge Purcell.[1] Contrary to Petitioner's argument, Judge Purcell properly did not consider much of what jurors stated in their affidavits.

Petitioner also challenges Judge Purcell's conclusion that the admission of "other crimes" evidence did not result in an unfair trial. Again relying on the jurors' affidavits, Petitioner contends the jury utilized this evidence for an improper purpose in violation of the trial court's instructions. The Court rejects this contention for two reasons. First, it is based on impermissible use of juror's testimony, as discussed above. More importantly, OCCA found the evidence was properly admitted for a limited purpose with an appropriate limiting instruction. To obtain federal habeas relief based on an alleged evidentiary error, Petitioner must show "the error, if any, was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due

---

[1] In his habeas petition, Petitioner also claimed as part of his first ground for relief that he was denied an impartial jury due to Juror A's apparent undisclosed bias based on prior knowledge. Judge Purcell does not separately address this contention and Petitioner does not re-urge it in his objection. Thus the Court finds Petitioner has waived further review of this issue. Further this contention rests on an impermissible use of jurors' testimony, which cannot be used to impeach a verdict in this way. See Tanner v. United States, 483 U.S. 107, 127 (1987).

process." *Moore v. Gibson*, 195 F.3d 1152, 1167 (10th Cir. 1999) (internal quotation omitted); *see Mitchell v. Gibson*, 262 F.3d 1036, 1053 (10th Cir. 2001) (habeas petitioner must show erroneous evidentiary rulings rendered his trial as a whole fundamentally unfair).  The Court finds no error in the admission of "other crimes" evidence, no constitutional violation, and a reasonable determination of the issue by state courts.

Accordingly, the Court adopts the Report and Recommendation [Doc. 18] in its entirety. The Court finds that the Petition lacks merit and should be denied.  Judgment will be entered accordingly.

IT IS SO ORDERED this 18th day of May, 2006.

_____
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE